UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PDL, Inc., d/b/a ALLSTARS SCHOOL OF DRIVING,

    Plaintiff,

    v.

ALL STAR DRIVING SCHOOL, GARY EMBREE, KIMBERLY EMBREE, AND MARIVEL GALICIA,

    Defendants.

NO. CIV. S-07-0102 WBS GGH

ORDER RE: MOTION FOR RECONSIDERATION AND CLARIFICATION

----oo0oo----

    Because defendants' amended counterclaims were filed in contravention of this court's Status (Pretrial Scheduling) Order of April 9, 2007, the court on July 24, 2007 ordered the amended counterclaims stricken. (Order (Docket No. 45).)  Plaintiff now asks this court to reconsider and clarify its minute order pursuant to Federal Rule of Civil Procedure 60(a) and 60(b), inexplicably arguing that because the amended counterclaims superseded defendants' original counterclaims, defendants now

1

have no valid counterclaims on file.

It is well settled that an amended pleading supersedes the original pleading. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). However, when leave of court is required to amend a pleading, and such leave is not obtained, any amendment is <u>legal</u> <u>nullity</u>. <u>U.S. ex rel. Mathews v. HealthSouth Corp.</u>, 332 F.3d 293, 297 (5th Cir. 2003). It is for this reason that the amended counterclaims were <u>stricken</u>, thereby mooting any effect they might have had on the original counterclaims. Thus defendants' original counterclaims, filed on March 22, 2007, are not superseded.[1] It would be an illogical and unjust result if defendants' failed attempt at amending their counterclaims should completely eviscerate their <u>valid</u>, <u>existing</u> counterclaims.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration and clarification be, and the same hereby is, DENIED. Defendants' original counterclaims filed on March 22, 2007, are still valid and before this court.

DATED: August 23, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's reading also does not comport with the plain language of the court's minute order. Specifically, if the effect of the minute order was to clarify that defendants no longer had any valid counterclaims, it would be nonsensical for defendants to "later seek[] . . . leave to file <u>amended</u> counterclaims." (July 24, 2007 Order (Docket No. 45), emphasis added.)

2